UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONION LUCERO MENDEZ,<br><br>                              Plaintiff,<br><br>          -against-<br><br>LUX ENTERPRISES, LLC et al.,<br><br>                              Defendants. | No. 1:23-cv-10968 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On December 19, 2023, this action was removed from the New York Supreme Court, County of Bronx, by Defendant Lux Enterprises, LLC. *See* ECF No. 1

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1146(b)(1). The Petition for Removal states that "[t]his action was commenced by the filing of a Summons and Complaint dated October 9, 2023 (attached hereto as Exhibit A)." ECF No. 1-1 ¶ 2. The Court reviewed Exhibit A, and it appears that the summons and complaint were filed on May 26, 2023, not October 9, 2023. ECF No. 1-2 at 2, 9. Further, Defendant Lux Enterprises, LLC does not state in its Notice of Removal whether (and if so, when) any defendants have been served with the initial pleading. The Court is therefore unable to assess whether the statutory requirement articulated in 28 U.S.C. § 1146(b)(1) has been met.

Additionally, a civil action may not be removed unless "all defendants who have been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C. § 1146(b)(2)(A); *accord Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). Defendants who do not join in the removal "must independently express their consent to removal." *Id.* "A defendant has only thirty days after receiving the initial pleading or summons, whichever period is shorter, to file the notice of removal in federal court and have the other defendants all consent to removal." *Parkinson v. City of New York*, No. 21-CV-4113 (JPC), 2021 WL 5323294, at *2 (S.D.N.Y. Oct. 20, 2021) (cleaned up) (citing *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021)). Because Defendant Lux Enterprises, LLC does not state in its Notice of Removal whether it or any other defendant has been served with the initial pleading, the Court is also unable to assess whether the statutory requirement articulated in 28 U.S.C. § 1146(b)(2)(A) has been met.

Accordingly, no later than **two weeks from the date of this Order**, Defendant Lux Enterprises is ORDERED TO SHOW CAUSE why this action should not be remanded because it does not meet the statutory requirements for removal. *See* 28 U.S.C. §§ 1146(b)(1), 1146(b)(2)(A).

   If, by that date, Defendant Lux Enterprises, LLC is unable to show that its Notice of Removal meets the requirements of 28 U.S.C. § 1146(b)(1) and § 1146(b)(2)(A), then the action will be remanded to the New York Supreme Court, County of Bronx, without further notice to the parties.

   Finally, Defendant Lux Enterprises, LLC is directed to, **within two business days of this Order**, serve on Plaintiff and Defendants Priarity Way, LLC and Christopher Priar a copy of this Order and to file proof of such service on the docket.  Counsel for both parties are directed to file notices of appearance on the docket **within two business days of such service**.

   SO ORDERED.

Dated: December 21, 2023
   New York, New York

                   *Jennifer Rochon*
                   JENNIFER L. ROCHON
                   United States District Judge